Case 2:12-cv-01622-SJF-GRB Document 4 Filed 04/24/12 Page 1 of 5 PageID #: 13

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 24 2012   ★

LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALDEN T. WHITFIELD,

                     Plaintiff,

       -against-

AMERICAN STORAGE AND TRANSPORT,
INC.,

                   Defendant.
--------------------------------------------------------X

**ORDER**
12-CV-1622 (SJF)(GRB)

FEUERSTEIN, District Judge:

I.     Introduction

On April 3, 2012, pro se plaintiff Alden T. Whitfield ("plaintiff") filed a complaint

against his employer, American Storage and Transport, Inc. ("defendant"), alleging violations of

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title

VII") and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117,

(the "ADA"). The complaint was accompanied by an application to proceed in forma pauperis.

The Court finds that plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's

application to proceed in forma pauperis is granted. However, for the reasons that follow, the

complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) unless plaintiff files

an amended complaint within thirty (30) days of the date of entry of this order.

II.     The Complaint

Plaintiff's brief, handwritten complaint, submitted on the court's employment discrimination complaint form, alleges in its entirety that:

> On [] May 12, 2004, I injured my lower back working at American Storage and Transport Inc. The employer discharged me for not reporting to work during a time when I was disabled and could not report to work. I came to [the] National Labor Relations Board in August 2004. Because of the charge, the Union agreed to take my case to arbitration. That took place on October 15, 2004. I won the arbitration. I was granted medical coverage and reinstatement to my former position as soon as I presented documentation.

Complaint ("Compl.") at ¶ 8. Plaintiff indicates that defendant has discriminated against him on the basis of his disability, which he describes as "lower back injured on the job."[1] Id. at ¶ 7. On the complaint form, plaintiff indicates that the discriminatory acts of which he complains are "failure to hire" and "failure to accommodate [his] disability." Id. at ¶ 4.

III.    Discussion

A.     In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted.

---

[1]Although plaintiff has checked a box to indicate that his claims also arise under Title VII, plaintiff only alleges discrimination on the basis of a claimed disability.

2

B.      The Complaint

A district court is required to dismiss an in forma pauperis complaint if the action is

frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary

relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii);

28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is

required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings

drafted by attorneys; the Court is required to read the plaintiff's pro se complaint liberally and to

construe it "to raise the strongest arguments" it suggests. Chavis v. Chappius, 618 F.3d 162, 170

(2d Cir. 2010) (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover,

at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded,

nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621

F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50,

173 L. Ed.2d 868 (2009)).


C.      Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain, inter alia, "a

short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings

must give "fair notice of what the . . . claim is and the grounds upon which it rests." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)

(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). When a

complaint fails to satisfy the Rule 8 pleading standard, a district court may dismiss the complaint

3

on motion or <u>sua</u> <u>sponte</u>.  <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995).

      Moreover, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949 (citations omitted).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

      Even liberally read, plaintiff's complaint does not meet the pleading requirements of Rule 8.  However, a district court should not dismiss a <u>pro se</u> complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Shomo v. City of N.Y.</u>, 579 F.3d 176, 183 (2d Cir. 2009) (citing <u>Gomez v. USAA Federal Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999)).  Accordingly, **plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of entry of this order.**

      If plaintiff chooses to file an amended complaint, he must set forth the factual allegations to support his disability discrimination claim against the defendant, including all relevant dates.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.  Furthermore, given that the present complaint appears to arise from conduct that occurred in 2004, plaintiff is cautioned that his discrimination claims may be time barred.

      No summons shall issue at this time.  If plaintiff fails to file an amended complaint within

the time allowed, the complaint shall be dismissed, judgment shall enter, and the case will be

closed.  If plaintiff does file an amended complaint, the Court will review it pursuant to 28

U.S.C. § 1915A.


IV.      Conclusion


      For the reasons set forth above, plaintiff's application to proceed in forma pauperis is

granted, but the complaint is sua sponte dismissed with prejudice **unless plaintiff files an**

**amended complaint within thirty (30) days from the date of entry of this order.**  The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in

good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See

Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed. 2d 21 (1962).


**SO ORDERED.**

                s/ Sandra J. Feuerstein

                Sandra J. Feuerstein
                United States District Judge


Dated:      April 24, 2012
              Central Islip, New York