UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALDEN T. WHITFIELD,

                Plaintiff,

      -against-

AMERICAN STORAGE AND TRANSPORT, INC.,

                Defendant.
-------------------------------------------------------------X

**ORDER**
12-CV-1622 (SJF)(GRB)

**FILED**
**IN CLERK'S OFFICE**
**U S DISTRICT COURT E D N Y**

★    JAN 16 2014    ★

**LONG ISLAND OFFICE**

FEUERSTEIN, J.

      On May 5, 2012, pro se plaintiff, Alden T. Whitfield ("plaintiff"), filed an amended complaint against American Storage and Transport, Inc. ("defendant"), alleging violations of the Americans with Disabilities Act ("ADA"). [Docket Entry No. 5]. On May 31, 2013, defendant moved for summary judgment. [Docket Entry No. 38]. Now before the Court is the Report and Recommendation of Magistrate Judge Gary R. Brown dated November 21, 2013 (the "Report") recommending that the Court grant defendant's motion for summary judgment. [Docket Entry No. 43]. Plaintiff has filed objections to the Report ("Pl. Obj.") [Docket Entry No. 46]. For the reasons that follow, all objections are overruled, and the Court adopts Magistrate Judge Brown's Report in its entirety.

I.     Standard of Review

      Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the

1

original arguments, the Court will review the report strictly for clear error." <u>Frankel v. City of N.Y.</u>, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. <u>See</u> Fed. R. Civ. P. 72(b); <u>Johnson v. Goord</u>, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), <u>aff'd</u>, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); <u>Baptichon v. Nevada State Bank</u>, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), <u>aff'd</u>, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Although the objections to a report and recommendation of a <u>pro se</u> party should be accorded leniency, "even a <u>pro se</u> party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Pinkney v. Progressive Home Health Servs.</u>, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted); <u>see also</u> <u>Walker v. Vaughan</u>, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

II.     Analysis

Magistrate Judge Brown has recommended that defendant's summary judgment motion be granted and plaintiff's complaint dismissed. Magistrate Judge Brown concluded that plaintiff's physical condition precluded him from performing the position for which he was

originally hired, and "[d]efendant is not required to create a new [light duty] position to accommodate plaintiff's physical limitations." Report at 13.

In his objections to the Report, plaintiff argues that defendant's summary judgment motion should be denied because defendant "violated the American with Disabilities Act by failing to accommodate my request for 'Reasonable' accommodation," and "[d]efendant cannot and have not presented sufficient evidence that Reasonable Accommodation could not reasonably be made and the accommodation would impose an undue hardship." Pl. Obj. 2. These objections are mere reiterations of plaintiff's original arguments. Plaintiff continues to misunderstand what is required of defendant by the ADA. As Judge Brown properly concluded, defendant's failure to create "a light-duty position in the warehouse that does not exist" does not violate the ADA. Report at 13. Therefore, plaintiff's objections regarding reasonable accommodation are overruled.

Plaintiff's other objections are irrelevant to Judge Brown's Report. Specifically, plaintiff argues that defendant falsely alleged that plaintiff requested a cash settlement instead of a reasonable accommodation, and that defendant falsely accused plaintiff of lying in his application to proceed in forma pauperis. Pl. Obj. 1, 2. These objections are "clearly aimed at particular findings," given that they are unrelated to Magistrate Judge Brown's conclusion that defendant is not required to create a new light-duty position to accommodate plaintiff. Pinkney, 2008 WL 2811816, at *1. Therefore, plaintiff's additional objections are overruled.

III.    Conclusion

For the foregoing reasons, Magistrate Judge Brown's Report is adopted in its entirety as an order of the Court. Defendant's motion for summary judgment is granted and plaintiff's claims are dismissed. The Clerk of Court is respectfully directed to close this case and, in

3

accordance with Rule 5(b)(2)(C) and Rule 77(d) of the Federal Rules of Civil Procedure, serve a copy of this order upon the pro se plaintiff by mailing a copy of the order to his last known address.

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____

Sandra J. Feuerstein
United States District Judge

Dated: January 16, 2014
       Central Islip, New York